NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANNIE L. MIXSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7152

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1350, Judge Lawrence B. Hagel.

---

## ON MOTION

---

Before RADER, *Chief Judge*, DYK and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Annie L. Mixson's appeal from a decision of

the United States Court of Appeals for Veterans Claims that denied her Department of Veterans Affairs benefits for the cause of the death of her husband, World War II veteran Woodrow W. Mixson.

Woodrow Mixson served on active duty in the United States Army from March 1942 to September 1945. He died in October 1980 from cardiopulmonary arrest due to a massive antero-septal myocardial infarction. At the time of his death, Mr. Mixson did not have any service-connected disabilities.

Mrs. Mixson sought VA benefits for the cause of her husband's death. She asserted Mr. Mixson was healthy when he entered service but incurred respiratory problems, including sinusitis and nasal polyps, as a result of serving in muggy climates overseas and being exposed to poor health conditions that contributed to his death. In support, she submitted statements from herself, Mr. Mixson's brother and friends attesting that Mr. Mixson was healthy upon entering service but returned with respiratory problems.

The Board of Veteran's Appeals upheld the Department's decision to deny Mrs. Mixson's claim. The Board recognized it owed a heightened duty to consider the evidence in light of Mr. Mixson's service records being destroyed in the National Personnel Records Center fire in July 1973. Nonetheless, the Board held the preponderance of the evidence of record, including the lay statements and testimony, was against the establishment of a nexus between the cause of her husband's death—cardiopulmonary arrest—and his respiratory problems which allegedly occurred while in service.

In reaching its conclusion, the Board emphasized the fact that Mr. Mixson did not seek post-service treatment for his respiratory conditions until 1977, more than 30 years after discharge, which was highly probative evi-

dence that the condition did not occur while in service. The Board further stated that there was no medical opinion attesting to a nexus between the veteran's cause of death and an in-service condition or disability.

In her appeal to the Court of Appeals for Veterans Claims, Mrs. Mixson primarily argued that the Board improperly rejected the lay statements submitted as competent evidence. The Court held that the Board did err in categorically rejecting Mrs. Mixson's lay statements. The court deemed that error harmless, however, because her statement only established continued symptoms of respiratory problems.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

In her informal brief to this court, Mrs. Mixson concedes that this appeal does not involve an issue as to the validity or interpretation of a statute or regulation or a constitutional issue. Instead, the only argument raised by her brief challenges whether she should have been awarded benefits, which is at most a challenge to the weighing of evidence. Because this court cannot consider on appeal how the evidence of record was weighed in her case, this court is without jurisdiction to address Mrs.

Mixson's argument. We thus agree with the Secretary that this appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

**NOV 2 3 2011**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Annie L. Mixson
    Steven M. Mager, Esq.

s19

Issued As A Mandate: **NOV 2 3 2011**

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 2 3 2011

JAN HORBALY
CLERK